UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BILL REED, § | | |
|     PLAINTIFF § | | |
| vs. § | | CIVIL ACTION NO. |
| § | | |
| DAN HUERTER, BROCK WOOD AND § | | |
| PAVEL CHERKASHIN, § | | 1:23-cv-00720 |
|     DEFENDANTS. § | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Bill Reed ("Plaintiff"), filing this his First Amended Complaint against Dan Huerter ("Huerter"), Brock Wood ("Wood") and Pavel Cherkashin ("Cherkashin") collectively referred to as "Defendants" herein, pursuant to Fed. R. Civ. P. 15(a)(1)(A), et seq., alleging claims for "unjust Enrichment" and (alternatively) Quantum Meruit, respectfully showing this Honorable Court the following:

## PARTIES

1. Plaintiff, Bill Reed ("Plaintiff") is a licensed attorney residing in the State of Georgia. He is an active member of the State Bar(s) of Georgia, Texas and Arizona and is also admitted to practice in the United States District Court of Colorado.

2. Defendant, Dan Huerter ("Huerter") is an individual residing in the State of Kansas. He may beserved with process at 1052 Stonecrest, Olathe, Kansas, 66061.

3. Defendant Brock Wood, ("Wood") is an individual residing in the State of Kansas. He may be served with process at 316 N. Bluff St., Wichita, Kansas 67208.

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                              Page 1 of 11

4. Defendant Pavel Cherkashi, ("Cherkashin") is an individual residing in the State of California. Cherkashin was properly served with process on March 21, 2023 but has yet to file an Answer and/or otherwise appear in this case.

**JURISDICTION AND VENUE**

5. Plaintiff's Unjust Enrichment and Quantum Meruit claims against the individual Defendants, respectively, are based upon the substantial benefits conferred upon each of the Defendants as a result of Plaintiff's professional (legal) services. Such services were initially provided by Plaintiff from his offices in Woodstock, Georgia and then continued, at therequest of More specifically, each respective Defendant was individually and *substantially* enriched and benefitted by and through the provision of Plaintiff's legal services, as follows:

(a) As a direct and intended result of the professional services Plaintiff provided on Defendant Cherkashin's behalf, Cherkashin became a controlling "manager" of the company. In that position, Cherkashin was able to prioritize and secure the judgment-creditor interests of Cherkashin and his group of Russian investors through an investment fund known as "Mindrock." Cherkashin used his position to control the company's financial priorities, reshape its marketing focus and business plan and prioritize both Mindrock's interests and Cherkashin's own (individual) financial interests in the company, valued at over $2,000,000—which would likely have been otherwise "lost" under Bell's management and direction.

(b) Defendant Wood accepted, appreciated and benefitted by and through Plaintiff's services in at least two (2) ways—(a) as a 10% owner of the Company and (b) as a

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                    Page 2 of 11

highly-compensated Manager having primary responsibility over the Company's financial management. Wood received a compensation package (i.e., created by Defendants, acting together) including of a six-figure salary in exchange for his part-time, remotely provided management services. On information and belief, Wood has also been positioned (again, by Defendants, acting together) to receive a 'bonus' of additional percentage ownership interests in the company under his compensation package.

(c) Defendant Huerter accepted, appreciated and benefitted by and through Plaintiff's services in several ways: First, he was placed in the position of being the Company's "Lead" Manager, with the highest percentage managerial interest (at 34%). Second, Huerter received a compensation package (i.e., created by Defendants, acting together) including of a six-figure salary in exchange for part-time, remotely provided management services. Third, (i.e., on information and belief), Huerter has also received a 'bonus' of (substantial) additional percentage ownership interests in the company, as part of Huerter's compensation package.

6. Defendants, in Evergreen, Colorado at the corporate headquarters of Pure Spectrum CBD, LLC, a Colorado limited liability company ("Pure Spectrum" and/or "the company" herein), where each Defendant actively serves (and/or has served) as a "Manager" over that limited liability company.

7. The value of the benefits conferred upon and accepted by Defendants, individually, through Plaintiff's legal services, was far in excess of $75,000 for each individual Defendant.

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                Page 3 of 11

8.  The total value of legal services rendered by Plaintiff to Defendants, collectively, was also in excess of $75,000.

9.  There exists a complete diversity of citizenship between the Plaintiff and all Defendants.

10.  The amount(s) in controversy under each of Plaintiff's claims far exceed(s) the minimum amount in controversy limits of this Honorable Court, this Court has subject matter jurisdiction over the Plaintiff's claimsunder  28 U.S. Code § 1332 (a), *et seq.*

11.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) (2).  A substantial part of the events or omissions giving rise to the claim occurred in Evergreen, Colorado, which is within this District.  Defendants have each, respectively, served as the "Manager(s)" of Pure Spectrum, from the basis of their homes and from Pure Spectrum's headquarters in Evergreen, Colorado. Plaintiff's services were rendered (in substantial part) in Evergreen, Colorado and Defendants have each also used and enjoyed the benefits conferred upon them by and through Plaintiff's legal services in Evergreen.

## SUMMARY STATEMENT OF CASE

12.  In this case, Plaintiff asserts two (2) claims: the first is a claim under the theory of Unjust Enrichment—for the value of benefits provided by Plaintiff to each of the individual Defendants, which each Defendant (respectively) received, accepted and enjoyed.  Alternatively, Plaintiff seeks recovery under the theory of Quantum Meruit for the reasonable value of the legal services and expenses provided by Plaintiff to Defendants, at Defendants' request, for which Defendants have failed and refused to pay.

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                                    Page 4 of 11

## FACTUAL BASIS OF CLAIMS

13. In the months/years leading up to the summer of 2021, the operational integrity and financial future of the company were being threatened by the Company's sole Manager, Brady Bell.

14. Defendants each had specific (individual) concerns and interests attached to the company and each (for their respective individual reasons) wanted to 'take-over' the control of Pure Spectrum; however, Pure Spectrum's Operating Agreement was highly structured to all but eliminate the opportunity for anyone other than the Company's sole manager, an individual named Brady Bell, to operate the company.

15. Starting in July 2021, and in response to Defendant's respective individual (expressed) concerns, and at Defendants' request, Plaintiff devised a plan whereby Defendants would assume (i.e., take over) operational control of the company and become its new 'Managers.'

16. Throughout July and August 2021, Plaintiff contacted all of the company's *other* identified member-owners, building a consensus for the takeover plan and, specifically, the appointment of each of the individual Defendants as the company's new "Managers".

17. In late August 2021, Plaintiff (a) negotiated (i.e., with approximately 10-12 other member owners), (b) drafted a proposed Members' Agreement, (c) obtained the approval of the necessary quorum of members and then (d) accompanied Defendants Huerter and Cherkashin to Evergreen to assist with all aspects of their assumption of control.

18. Plaintiff assisted Defendants in a wide range of activities relating to Defendants' takeover, and continued providing valuable services to Defendants during the actual takeover in late August 2021 and for several weeks thereafter.

19. Plaintiff's efforts resulted in the positioning of each Defendant, as a Manager of Pure Spectrum.

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                                      Page 5 of 11

Through that position, each of the Defendants received valuable compensation, operational control and employment-related benefits from the company, including but not limited to (a) six-figure compensation agreements from the company, (b) 'bonused' ownership interests and (c) control over the company (collectively described herein as "valuable benefits") and the position to control and prioritize the company's payments to its creditors—including a 7+ figure debts owed by the company to a Russian investment fund known as "Mindrock Capital and/or "1280 Ventures, LLC," an entity purportedly owned and controlled by Defendant Cherkashin.

20. The total value of those valuable benefits to each Defendant, respectively, ranges between six and seven figures.

## COUNT I: UNJUST ENRICHMENT

21. Paragraphs 1 through 19, above, are incorporated herein by reference for all purposes, the same as if fully set forth at length herein *verbatim*.

22. Prior to July 2021, PureSpectrum's operations were in a state of chaos. There was a rising level of discontent and hopelessness among the company's owners and creditors, based mostly on the commonly-held perception that the company's Manager and largest percentage owner, Brady Bell ("Bell"), was acting erratically, irresponsibly and entirely for his own (individual) self-interests, and to the detriment of the company's other owners and creditors.

23. During this same time period, Defendant Wood resigned his high-ranking position as the person in charge of the company's operations.

24. Wood owned a 10% membership interest in the company.

25. On information and belief, Defendant Wood was out-of-work (unemployed) in August

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                           Page 6 of 11

2021, and had expressed a desire to partner with Defendant Huerter in a take-over of the company if that were possible, both for the income potential and also to protect his ownership share of the company. However, Wood expressed that there was nothing he could as long as Bell was positioned as the sole-Manager of the company.

26. Like Defendant Wood, Defendant Huerter was also a former (i.e., resigned) employee of the company. He has served as the company's Chief Operating Officer and he continued to enjoy a good reputation among Pure Spectrum's other owners, even after he left.

27. Also like Defendant Wood, Huerter had (and expressed) a strong interest and willingness to resume his employment and/or control of the company in exchange for a significant compensation package (i.e., including a six-figure paycheck and 'bonused' ownership interests).

28. Defendant Cherkashin had a large vested interest in the company as the Manager of a Russian investment group known as "Mindrock," one of the company's most significant (i.e., seven-figure) judgment creditors.

29. Though Cherkashin's investment fund was a judgment creditor of the company, there seemed to be almost no prospect that that judgment could ever be satisfied without a substantial change in the management and control of the company. Therefore, Cherkashin expressed a fierce interested in becoming a controlling part of the Company's management team.

30. Acting, at first, at the request and encouragement of Huerter and later at the behest of both Cherkashin and Wood, Plaintiff worked hard to confer valuable benefits upon each of the Defendants, respectively, by and through their appointment as Managers of the company. Defendants were each substantially enriched through Plaintiff's efforts on their behalf.

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                    Page 7 of 11

31. Though the Plaintiff conferred valuable benefits upon each of the Defendants, and Defendants have used, enjoyed, benefitted and prospered from Plaintiff's creative ideas, the skillful implementation of those ideas—including the skillful negotiation(s) which Plaintiff undertook and provided on Defendants' behalf, Defendants have never provided any compensation to Plaintiff or even any reimbursement for Plaintiff's related out of pocket expenses for the conferring those benefits. Rather, Defendants have retained all of the conferred benefits (exclusively) for themselves.

32. More specifically, each respective Defendant was individually and *substantially* enriched and benefitted by and through the provision of Plaintiff's legal services, as follows:

> (d) As a direct and intended result of the professional services Plaintiff provided on Defendant Cherkashin's behalf, Cherkashin became a controlling "manager" of the company. In that position, Cherkashin was able to prioritize and secure the judgment-creditor interests of Cherkashin and his group of Russian investors through an investment fund known as "Mindrock." Cherkashin used his position to control the company's financial priorities, reshape its marketing focus and business plan and prioritize both Mindrock's interests and Cherkashin's own (individual) financial interests in the company, valued at over $2,000,000—which would likely have been otherwise "lost" under Bell's management and direction.

> (e) Defendant Wood accepted, appreciated and benefitted by and through Plaintiff's services in at least two (2) ways—(a) as a 10% owner of the Company and (b) as a highly-compensated Manager having primary responsibility over the Company's

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                    Page 8 of 11

      financial management. Wood received a compensation package (i.e., created by Defendants, acting together) including of a six-figure salary in exchange for his part-time, remotely provided management services. On information and belief, Wood has also been positioned (again, by Defendants, acting together) to receive a 'bonus' of additional percentage ownership interests in the company under his compensation package.

(f) Defendant Huerter accepted, appreciated and benefitted by and through Plaintiff's services in several ways: First, he was placed in the position of being the Company's "Lead" Manager, with the highest percentage managerial interest (at 34%). Second, Huerter received a compensation package (i.e., created by Defendants, acting together) including of a six-figure salary in exchange for part-time, remotely provided management services. Third, (i.e., on information and belief), Huerter has also received a 'bonus' of (substantial) additional percentage ownership interests in the company, as part of Huerter's compensation package.

33. The benefits provided through Plaintiff's legal services were accepted and appreciated by each such Defendant under circumstances such that it would be inequitable for those benefits to be retained without payment for the value of same.

34. Plaintiff hereby sues for the amount(s) by which each of the Defendants have been unjustly enriched, as determined by the trier of fact in this case.

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                          Page 9 of 11

## COUNT II: QUANTUM MERUIT

35. Paragraphs 1 through 19, above, are incorporated herein by reference for all purposes, the same as if fully set forth at length herein *verbatim*.

36. Plaintiff provided valuable legal services to each such Defendant, though there was no express contract between Plaintiff and the Defendants;

37. Plaintiff provided his services at the request and urging of each Defendant.

38. Defendants each had actual knowledge that Plaintiff expected to be paid for his services and out-of-pocket expenses. More than once, Defendants promised to compensate Plaintiff for the fair value of Plaintiff's services and expenses in relationship to the benefits conferred, but Defendants have knowingly and intentionally refused to pay for those services/expenses ever since Plaintiff completed his work in late 2021.

39. Plaintiffs seeks recovery of the reasonable value of all services provided to Defendants, plus pre-judgment and post-judgment interest thereupon.

### Prayer for Relief

Plaintiff respectfully prays for relief and recovery of the following:

A. the amount(s) by which each respective Defendant has been unjustly enriched by Plaintiff, as determined by the trier of fact in this case;

B. (in the alternative) the reasonable value of Plaintiff's fees and expenses (i.e., in relation to the total value of benefits conferred, received, accepted and enjoyed by each such Defendant, respectively), plus pre-judgment interest, at the highest rate(s) permitted by law, Post-judgment interest. each claim stated herein, and such other and further relief to

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                                    Page 10 of 11

which Plaintiff may show himself justly entitled, at law or in equity.

C. Plaintiff prays for general relief.

This 25th day of March 2023.

                                      Respectfully submitted,
                                      THE LAW OFFICES OF BILL REED

                                      BY: /s Bill Reed
                                      James William ("Bill") Reed
                                      P.O. Box 946
                                      Holly Springs, Georgia 30142
                                      Telephone:     480.227.9911
                                      Facsimile: 678-669-2897
                                      Email: billreedattorney@gmail.com

Certificate of Service

A true and correct copy of the Plaintiff's First Amended Complaint has, this day, been served upon each of the Defendants in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

This 25th day of March 2023.

                                      By: /s Bill Reed, Plaintiff

Bill Reed vs. Dan Huerter, Brock Wood and Pavel Cherkashin
Civil Action No. 1:23-cv-00720
Plaintiff's First Amended Complaint                    Page 11 of 11