IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00720-GPG-KAS

BILL REED,

    Plaintiff,

v.

DAN HUERTER, BROCK WOOD, and PAVEL CHERKASHIN

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Dan Huerter, Brock Wood and Pavel Cherkashin ("Defendants"), by and through his attorneys, hereby submits this Answer to Plaintiff's Second Amended Complaint [ECF 50] and states as follows:

### PARTIES

1. Upon information and belief, Defendants admit the allegations set forth in paragraph 1 of the Second Amended Complaint.

2. Defendants admit the allegations set forth in paragraph 2 of the Second Amended Complaint.

3. Defendants admit the allegations set forth in paragraph 3 of the Second Amended Complaint.

4. Defendants admit the allegations set forth in paragraph 4 of the Second Amended Complaint.

## JURISDICTION AND VENUE

5. Defendants deny the allegations set forth in paragraph 5 of the Second Amended Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of the Second Amended Complaint.

7. Defendants deny the allegations set forth in paragraph 7 of the Second Amended Complaint. Defendants specifically deny that the Plaintiff has met the amount in controversy requirement for purposes of establishing subject matter jurisdiction.

## SUMMARY STATEMENT OF CASE

8. Paragraph 8 of the Second Amended Complaint does not contain any allegations to which a response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

## FACTUAL BASIS OF CLAIMS

9. Defendants admit that issues arose with respect to Brady Bell's tenure as Manager of Pure Spectrum. Defendants deny any remaining allegations set forth in paragraph 9 of the Second Amended Complaint.

10. With respect to the allegations set forth in paragraph 10 of the Second Amended Complaint, Defendants state that the Operating Agreement referenced therein speaks for itself. Defendants deny any remaining allegations set forth in paragraph 10 of the Second Amended Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the Second Amended Complaint.

12. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 12 of the Second Amended Complaint and, therefore, deny the same.

13. Defendants deny the allegations set forth in paragraph 13 of the Second Amended Complaint.

14. Defendants deny the allegations set forth in paragraph 14 of the Second Amended Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Second Amended Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Second Amended Complaint.

## **COUNT I: UNJUST ENRICHMENT**

17. Defendants incorporate their responses to paragraphs 1 through 17 as though fully set forth herein.

18. With respect to the allegations set forth in paragraph 18 of the Second Amended Complaint, Defendants admit issues arose with respect to Brady Bell's tenure as Manager of Pure Spectrum. Defendants deny any remaining allegations set forth in paragraph 18 of the Second Amended Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Second Amended Complaint.

20. Defendants admit the allegations set forth in paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Second Amended Complaint.

22. Defendants admit the allegations set forth in paragraph 22 of the Second Amended Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Second Amended Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Second Amended Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Second Amended Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Second Amended Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Second Amended Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Second Amended Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Second Amended Complaint.

**COUNT II: QUANTUM MERUIT**

31.     Defendants incorporate their responses to paragraphs 1 through 30 as though fully set forth herein.

32.     With respect to the allegations set forth in paragraph 32 of the Second Amended Complaint, Defendants admit that there was never a contract for any services executed with Plaintiff. Defendants deny the remaining allegations set forth in paragraph 32 of the Second Amended Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of the Second Amended Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of the Second Amended Complaint.

35.     Defendants deny the allegations set forth in paragraph 35 of the Second Amended Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Second Amended Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Second Amended Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff cannot meet the amount in controversy requirement to establish subject matter jurisdiction.

3. Plaintiff's claims are barred, in whole or in part, pursuant to the statute of frauds.

4. Plaintiff's claims violate Rule 11 and are frivolous, groundless and/or substantially vexatious.

5. Plaintiff's claims and/or damages, the existence of which Defendants deny, were caused by Plaintiff's own actions, inactions and/or omissions or by those of third parties.

6. Plaintiff's alleged damages, if any, are speculative and not legally cognizable.

7. Plaintiff's claims are barred, limited, or set off, in whole or in part, by the doctrine of unclean hands.

8. Defendant reserves the right to assert additional defenses as discovery proceeds.

Wherefore, for the foregoing reasons, Defendants respectfully request that this Court:

(1) Deny the relief sought by Plaintiff on his Claims for Relief;

(2) Award Defendants their costs, attorneys' fees, expert witness fees, pre-and post-judgment interest to the extent allowable under applicable law; and

(3) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of November, 2023.

ROBINSON WATERS & O'DORISIO, P.C.

By: *s/ Kimberly A. Bruetsch*
Kimberly A. Bruetsch, Reg. No. 32838
1099 18th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 297-2600
Email: kbruetsch@rwolaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2023, a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was delivered via CM/ECF to the following:

James William ("Bill") Reed
The Law Offices of Bill Reed
P.O. Box 946
Holly Springs, GA 30142
Phone: (480) 227-9911
billreedattorney@gmail.com
*Plaintiff*

                                        *s/ Holly Stahl*
                                        For Robinson Waters & O'Dorisio, P.C.